UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANNER DAYNE COLBERT,<br><br>   Plaintiff,<br><br>   v.<br><br>BELL, et al.,<br><br>   Defendants. | No.  2:20-cv-1343 DB P<br><br>ORDER |

Plaintiff is former a county jail inmate proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff claims he was subjected to inhumane treatment at the Placer County Jail. Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 2) and his complaint for screening (ECF No. 1).  For the reasons set forth below the court will deny the motion to proceed in forma pauperis without prejudice and dismiss the complaint with leave to amend.

**IN FORMA PAUPERIS**

Plaintiff submitted a declaration that makes the required showing by 28 U.S.C. § 1915(a). However, plaintiff's change of address submitted August 24, 2020 indicates that plaintiff is no longer incarcerated.  (ECF No. 7.)  If plaintiff wishes to proceed in forma pauperis, he must submit an updated application under § 1915(a)(1).  See DeBlasio v. Gilmore, 315 F.3d 396, 398

////

1

(4th Cir. 2003); Adler v. Gonzalez, No. 1:11-cv-1915 LJO MJS (PC), 2015 WL 4041772, at *2 (E.D. Cal. July 1, 2015), report and reco. adopted, 2015 WL 4668668 (E.D. Cal. Aug. 6, 2015).

**SCREENING**

**I.      Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Here, the defendants must act under color of federal law. Bivens, 403 U.S. at 389. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.    Allegations in the Complaint**

Plaintiff alleges that the events giving rise to his claim occurred while he was incarcerated at the South Placer Jail. (ECF No. 1 at 1.) Plaintiff has identified the following defendants in this action: (1) Placer County; (2) Sheriff Devin Bell; (3) Deputy Maniscalco; and (4) Does 1-15. (Id. at 2.)

Plaintiff's allegations are as follows:

> They put me into a control hold told me to spread my legs and put my hand on the wall in front of me while I was naked. Then handcuffed me and walked me down to booking in front of my peers inside of C-Tank as well as officers in the pod and in booking. Then placed me in a holding cell, told me to kneel on a bench in the cell so

>    they could uncuff me and then they left me in the cell without proper
>    clothing.

(Id. at 3.)  Plaintiff further alleges that while plaintiff was being escorted to booking officer Maniscalco stated, "Colbert I'm not impressed."  (Id. at 5.)  In a supplement[1] to the complaint, plaintiff states that this incident took place on November 17, 2017.  (ECF No. 6.)

### III.   Does Plaintiff State a § 1983 Claim?

#### A.  Bodily Privacy

In the Ninth Circuit, "[i]t is clearly established that the Fourteenth Amendment protects a sphere of privacy and the most 'basic subject of privacy . . . the naked body.'"  Hydrick v. Hunter, 500 F.3d 978, 1000 (9th Cir. 2007), cert. granted, judgment vacated on other grounds, 556 U.S. 1256 (2009) (quoting Grummet v. Rushen, 779 F.2d 491, 494 (9th Cir. 1985); see also Sepulveda v. Ramirez, 967 F.2d 1413, 1416 (9th Cir. 1992) ("The right to bodily privacy is fundamental . . . and was clearly established at the time . . . .").  However, the right does not apply where observation of a pretrial detainee's naked body is "only infrequent and casual" or "at [a] distance," and it is "reasonably related to prison needs."  Michenfelder v. Sumner, 860 F.2d 328, 334 (9th Cir. 1988); Byrd v. Maricopa Cnty. Bd. of Supervisors, 845 F.3d 919, 924 (9th Cir. 2017).

Additionally, a court must determine whether a search is "reasonable" within the meaning of the Fourth Amendment by considering four factors: (1) the scope of the intrusion, (2) the manner in which it is carried out, (3) the justification for the search, and (4) the place in which it is undertaken.  Bell v. Wolfish, 441 U.S. 520, 559 (1979).

Plaintiff's allegation that he was placed in restraints without clothing, walked by a group of staff and fellow inmates to booking, and left in a cell without proper clothing could state a cognizable claim.  However, plaintiff has failed to identify which specific defendants were responsible for these actions.  In any amended complaint, plaintiff should identify the specific defendants involved in this incident.

---

[1] Plaintiff is advised that the court cannot refer to another pleading to make the complaint complete.  See E.D. Cal. R. 220.  Any amended complaint should be complete in itself without reference to any other pleading.

4

**B. Staff Comments**

Cases involving sexual harassment by public officials have been analyzed under the substantive due process right to be free from violations of bodily integrity under the Fourteenth Amendment." Fontana v. Haskin, 262 F.3d 871, 881-82 n.6 (9th Cir. 2001). "Under the Fourteenth Amendment's substantive due process prong," courts analyze the conduct using "the 'shocks the conscience' test." Id. at 882 n.7 (citing Cty. Of Sacramento v. Lewis, 523 U.S. 833, 846 (1998). "The threshold question is 'whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" Id. (quoting Sacramento, 523 U.S. at 848 n.8).

Most verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment. See, e.g., Davis v. Goord, 320 F.3d 346, 353 (2d Cir. 2003) ("insulting or disrespectful comments" are generally do not rise to the level of adverse action taken against an inmate to support a retaliation claim); Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (harassment does not constitute an Eighth Amendment violation); Purcell v. Coughlin, 790 F.2d 263, 265 (2d Cir. 1986) (allegations that prison guards called him names was not sufficient to allege a constitutional violation); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (harassment in the form of vulgar language directed at an inmate is not cognizable under § 1983); McDowell v. Jones, 990 F.2d 433, 434 (8th Cir. 1993) (verbal threats and name calling are not actionable under § 1983). Thus, to the extent plaintiff alleges his rights have been violated by Maniscalco's statement that he was "not impressed," such action likely fails to rise to the level of a constitutional violation.

**C. Insufficient Factual Allegations**

"To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or law of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of State law." Long v. County of L.A., 442 F.3d 1178, 1185 (9th Cir. 2006) (citing West v. Atkins, 487 U.S. 42, 48 (1988)); accord Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988) ("To make out a cause of action under section 1983, plaintiffs must plead that (1) the defendants acting under color of state

1  law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes" (citations
2  omitted).).

3  Plaintiff has identified Devin Bell as a defendant in this action.  However, there are no
4  factual allegations related to this defendant in the body of the complaint.  Accordingly, the
5  complaint does not contain sufficient factual allegations to state a claim against defendant Bell.

6  **D. Municipal Liability**

7  "In Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), the Supreme Court held that a
8  municipality may not be liable for a § 1983 violation under a theory of respondeat superior for the
9  actions of its subordinates." Castro v. County of Los Angeles, 833 F.3d 1060, 1073 (9th Cir.
10 2016) (en banc).  In this regard, "[a] government entity may not be held liable under 42 U.S.C. §
11 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind
12 a violation of constitutional rights." Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir.
13 2011) (citing Monell, 436 U.S. at 694).  Thus, municipal liability in a § 1983 case may be
14 premised upon: (1) an official policy; (2) a "longstanding practice or custom which constitutes the
15 standard operating procedure of the local government entity;" (3) the act of an "official whose
16 acts fairly represent official policy such that the challenged action constituted official policy;" or
17 (4) where "an official with final policy-making authority delegated that authority to, or ratified
18 the decision of, a subordinate." Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008).

19 To sufficiently plead a Monell claim, allegations in a complaint "may not simply recite the
20 elements of a cause of action, but must contain sufficient allegations of underlying facts to give
21 fair notice and to enable the opposing party to defend itself effectively." AE ex. rel. Hernandez v.
22 Cnty. Of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (quoting Starr v. Baca, 652 F.3d 1202, 1216
23 (9th Cir. 2011)).  At a minimum, the complaint should "identif[y] the challenged policy/custom,
24 explain[] how the policy/custom was deficient, explain[] how the policy/custom caused the
25 plaintiff harm, and reflect[] how the policy/custom amounted to deliberate indifference[.]"
26 Young v. City of Visalia, 687 F.Supp.2d 1141, 1149 (E.D. Cal. 2009); see also Little v. Gore, 148
27 F.Supp.3d 936, 957 (S.D. Cal. 2015) ("Courts in this circuit now generally dismiss claims that
28 fail to identify the specific content of the municipal entity's alleged policy or custom.").

Plaintiff has identified Placer County as a defendant in this action, (ECF No. 1 at 2), but has failed to state any facts indicating how the county violated his rights. Because the complaint does not contain any allegations explaining the basis for the county's liability, the court finds that plaintiff has failed to state a claim against the county.

### E. Doe Defendants

Under § 1983, plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The statute clearly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell, 436 U.S. 692. Plaintiff has failed to state any factual allegations showing what actions the Doe defendants engaged in that violated his rights. In order to state a cognizable claim, plaintiff must set forth specific factual allegations demonstrating how each defendant violated his rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Additionally, "John Doe" defendant liability must also be properly alleged. A plaintiff may use "Doe" designations to refer to defendants whose names are unknown; however, he must number them in the complaint, e.g., "John Doe 1," "John Doe 2," so that each numbered John Doe refers to a specific person. If plaintiff chooses to file an amended complaint, he shall either name the defendants involved or list the Doe defendants involved and describe what each did to violate his rights. If plaintiff can only list these defendants as John Doe, plaintiff should allege specific acts that each Doe defendant did, such as "John Doe 1 did X" and John Doe 2 did Y." Alexander v. Tilton, No. 1:07-cv-0759 LJO DLB, 2009 WL 464486, *5 (E.D. Cal. Feb. 24, 2009).

### IV. Amending the Complaint

As set forth above, the complaint fails to state a claim. However, plaintiff will be given the opportunity to amend the complaint. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his

constitutional rights.  The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant.  The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in support of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading.  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, all prior pleadings are superseded.  Any amended complaint should contain all of the allegations related to his claim in this action.  If plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended complaint.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED as follows:

1. Within forty-five (45) days of the date of this order, plaintiff shall either:

   a. Submit an updated application to proceed in forma pauperis in accordance with 28 U.S.C. 1915(a)(1); or

   b. Pay the $402 filing fee in full.

2. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

3. Plaintiff is granted forty-five (45) days from the date of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."

4. Failure to comply with this order will result in a recommendation that this action be dismissed for failure to obey a court order and failure to prosecute.

Dated:  January 15, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil.Rights/colb1343.scrn

9